UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- X
PHYSICIANS MUTUAL INSURANCE COMPANY and )
PHYSICIANS LIFE INSURANCE COMPANY,                    )    CIVIL ACTION
                                                                                        )    NO. 07 CV 10490 (NRB)
                                    Plaintiffs,                                 )
                                                                                        )    REPORT OF RULE 26(f)
                  v.                                                                )    PLANNING CONFERENCE
                                                                                        )    (Removed from the Supreme
GREYSTONE SERVICING CORPORATION, INC.,        )    Court of the State of New
GREYSTONE FUNDING CORPORATION,                    )    York. County of New York,
GREYSTONE & CO., INC., STEPHEN ROSENBERG,  )    Index No. 602918/07)
ROBERT R. BAROLAK, and CURTIS A. POLLOCK,  )
                                                                                        )
                                    Defendants.                              )
------------------------------------------------------------------------- X

      1.      Pursuant to Fed. R. Civ. P. 26(f), a telephonic meeting was held on Tuesday, March 4, 2008, at 1:00 p.m. CST.  Participating were James J. Frost and Richard E. Carmen on behalf of the Plaintiffs, and José A. Isasi, II and Stephen L. Saxl on behalf of Defendants.

      **Defendants' Objections** – On January 11, 2008, Defendants wrote to the Court requesting a pre-motion conference on Defendants' proposed motions to (i) dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim, and Rule 9(b), Fed. R. Civ. P., for failure to plead fraud with particularity, and (ii) to stay proceedings in this action due to the pendency of an appeal in the Seventh Circuit.  Defendants maintain that the Rule 26 Planning Conference and any discovery are premature and should be held in abeyance until the Court has resolved the proposed motions to dismiss and for a stay and, at a minimum, pending the pre-motion conference at which these motions can be raised before the Court. Defendants further note that Plaintiffs already have taken substantial discovery from Defendants and third-parties, including depositions of, and voluminous document productions from, the Defendants in connection with the action Plaintiffs brought that was eventually dismissed on a

motion for summary judgment in the Northern District of Illinois. There is no reason that discovery needs to proceed before the dispositive motion to dismiss, and the motion to stay, are briefed and decided. For these reasons, Defendants do not respond to the details of the discovery schedule proposed by Plaintiffs at this time. However, Defendants generally note that the schedule outlined below contains deadlines and timelines which are, in the Defendants' view, unrealistically short. There are other, substantial disagreements between Plaintiffs and Defendants on Plaintiffs' proposal below. Defendants also formally object pursuant to Fed. R. Civ. P. 26(a)(1) to any initial disclosures taking place before rulings on the proposed motions.

**Plaintiffs' Position** – The Plaintiffs maintain that there is not good cause to delay discovery and progression of this action and have advised Defendants that they intend to immediately initiate discovery proceedings including depositions of USGI, Inc., who was involved in each of the redemption transactions and Jet Premier Investments to whom the Plaintiffs' loan participation interests were resold. Plaintiffs believe that these initial depositions may serve to narrow the triable issues and eliminate other discovery. Plaintiffs propose the following Discovery Plan:

2.  Initial Disclosures. The Plaintiffs propose that the initial disclosures required by Rule 26(a)(1) be exchanged within fourteen (14) days of the Rule 26(f) conference as directed by the Federal Rules of Civil Procedure.

3.  Discovery Plan. The Plaintiffs propose the following discovery plan:

    (a)  Discovery will be needed on the following subjects: All matters raised by the pleadings.

    (b)  All discovery is to be commenced in time to be completed two (2) months before the month in which trial is set.

(c) Maximum of fifty (50) interrogatories by each side. Responses due thirty (30) days after service, pursuant to Rule 33.

(d) Maximum of fifty (50) requests for admission by each side excluding requests to admit to the authenticity of documents. Responses due thirty (30) days after service, pursuant to Rule 36.

(e) There are eleven (11) different loans which are the subject matter of Plaintiffs' claims. Unless appropriate stipulations can be reached or unless the initial deposition of USGI and Jet Premier Investments eliminate the necessity of borrower depositions, it may be necessary to depose each borrower to establish facts relevant to the redemption of Plaintiffs' interests in the loan. Additionally, there are a number of third parties to whom the subject loans were assigned or otherwise sold. Finally, there are at least eight (8) individuals employed by the corporate Defendants who are believed to have knowledge of the redemptions of Plaintiffs' loan participation interests. Accordingly, unless appropriate stipulations can be reached, Plaintiffs will require a substantial number of depositions to prepare their case. Plaintiffs propose that they be allowed to take a maximum of twenty-five (25) depositions, unless enlarged by order of the Court.

(f) Each deposition is limited to a maximum of seven (7) hours unless extended by agreement of the parties or order of the Court.

(g) Reports from retained experts under Rule 26(a)(2) are due:

    i. From Plaintiffs four (4) months prior to the month in which trial is set; and

    ii. From Defendants by three (3) months prior to the month in which trial is set.

  (h) Supplementation under Rule 26(e) shall be made thirty (30) days prior to the close of discovery.

4. <u>Other Items</u>.

  (a) The Plaintiffs request a conference before entry of a Scheduling Order to address, among other things, the following:

    i. Whether discovery taken in Physicians Mutual Insurance Company and Physicians Life Insurance Company v. Asset Allocation and Management Co. LLC, Civil Action No. 06C5124 (N.D. Ill.) should be deemed to have been taken in this litigation to avoid unnecessary duplication and expense to the parties.

    ii. Whether the restrictions contained in Local Civil Rule 33.3 (Interrogatories) should be waived so that discovery by interrogatories can be pursued in accordance with the provisions of Rule 33 of the Federal Rules of Civil Procedure. Given the breadth of the case and factual complexities, Plaintiffs believe that carefully framed interrogatories directed to factual matters will allow both parties to narrow the triable issue and avoid unnecessary deposition work.

(b) Plaintiffs request a pretrial conference one (1) month prior to the month in which trial is set.

(c) Plaintiffs propose that they be allowed ninety (90) days from entry of the Scheduling Order to join additional parties and amend the pleadings.

(d) Plaintiffs propose that all potentially dispositive motions should be filed two (2) months prior to the month in which trial is set.

(e) Plaintiffs have no objection to engaging in settlement negotiations and/or alternative dispute resolution procedures.

(f) Plaintiffs propose that witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists shall be due:

i. From Plaintiff by thirty (30) days before the month of trial; and

ii. From Defendants by fourteen (14) days before the month of trial.

(g) Plaintiffs propose that the parties should have seven (7) days after service of witness lists, deposition designations and exhibit lists to make objections under Rule 26(a)(3).

(h) Plaintiffs believe the case should be ready for trial by April 2009 and estimate that trial will take from five (5) to seven (7) days.

**DATED** this 12th day of March, 2008.

By:/s/ James J. Frost
James J. Frost, Esq. (JJF-4879)
**McGrath, North, Mullin & Kratz, PC LLO**
Suite 3700, First National Tower
1601 Dodge Street
Omaha, NE  68102
(402) 341-3070
(402) 341-0216 (fax)
jfrost@mcgrathnorth.com

*CHI 57,088,036v1*

and

Richard E. Carmen, Esq. (REC-6906)
Adria DeLandri, Esq. (ADL-5859)
**Brief Carmen & Kleiman, LLP**
805 Third Avenue, 11th Floor
New York, NY  10022
(212)758-6160
(212)832-7221
rec@briefjustice.com
adl@briefjustice.com

*Attorneys for Plaintiffs*

        By:/s/ José A. Isasi, II
           José A. Isasi, II (*pro hac vice*)
           **Greenberg Traurig, LLP**
           77 West Wacker Drive, Suite 2500
           Chicago, IL  60601
           (312)456-8400
           (312)456-8435 (fax)
           isasij@gtlaw.com

           and

           Stephen L. Saxl (SS-1028)
           William A. Wargo (WW-9417)
           **Greenberg Traurig, LLP**
           200 Park Avenue
           New York, NY  10166
           (212) 801-9200
           (212) 801-6400 (fax)
           saxls@gtlaw.com
           wargow@gtlaw.com

           *Attorneys for Defendants*