UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------------X

PHYSICIANS MUTUAL INSURANCE COMPANY and )   CIVIL ACTION
PHYSICIANS LIFE INSURANCE COMPANY,   )   NO. 07 CV 10490 (NRB)
  )
        Plaintiffs,   )
  )
     v.   )
  )
GREYSTONE SERVICING CORPORATION, INC.,   )
GREYSTONE & CO., INC., STEPHEN ROSENBERG   )
ROBERT R. BAROLAK, and CURTIS A POLLOCK,   )
  )
        Defendants.   )

--------------------------------------------------------------------------------X

## DECLARATION OF JOSÉ A. ISASI, II IN SUPPORT OF DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO STAY

Stephen L. Saxl (SS-1028)
William A. Wargo (WW-9417)
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York 10166
(212) 801-9200

and

José A. Isasi, II (*pro hac vice*)
GREENBERG TRAURIG, LLP
77 W. Wacker Drive
Suite 2500
Chicago, IL 60601
(312) 456-8400

*Attorneys for Greystone Servicing*
*Corporation, Inc., Greystone & Co., Inc.,*
*Stephen Rosenberg, Robert R. Barolak*
*and Curtis A. Pollock*

## DECLARATION OF José A. Isasi, II

I, Jose A. Isasi, II, having first been duly sworn, hereby state and depose as follows:

1.  My name is José A. Isasi, II. I am above the age of eighteen years. If called to testify, I would as set forth below based upon personal knowledge and under penalty of perjury.

2.  I am counsel of record for the defendants in the matter of *Physicians Mutual Insurance Company and Physicians Life Insurance Company v. Greystone Servicing Corp., et al.* Civil Action No. 07 CV 10490 (NRB), pending in the United States District Court for the Southern District of New York.

3.  Attached to this Declaration as Exhibit 1-2 are true and correct copies of the following:

| | |
|---|---|
| Exhibit 1: | Unpublished decision in *Simonsen v. Chicago Bd. of Education,* 115 Fed. Appx. 887 (7th Cir. 2004). |
| Exhibit 2: | Subpoena issued by Plaintiffs in *Physicians Mutual Insurance Company and Physicians Life Insurance Company v. Asset Allocation and Management Company, LLC*, Case No. 06-C-5124, directed at USGI, Inc. |

4.  In response to the subpoena served by Plaintiffs on USGI in the *Physicians Mutual Insurance Company and Physicians Life Insurance Company v. Asset Allocation and Management Company, LLC* case, (Ex. 2), USGI produced approximately 245 pages of documents.

**FURTHER AFFIANT SAYETH NAUGHT**

José A. Isasi, II

Subscribed and sworn before me
this 19th day of June, 2008

Notary Public

"OFFICIAL SEAL"
Donna Moy
Notary Public, State of Illinois
My Commission Exp. 10/31/2009

CHI 57,295,134v1 6-19-08

# EXHIBIT 1

*Westlaw.*

115 Fed.Appx. 887                                           Page 1
115 Fed.Appx. 887
**(Cite as: 115 Fed.Appx. 887)**

**H**This case was not selected for publication in the Federal Reporter.

NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed.R.App.P. 32.1.

United States Court of Appeals,
Seventh Circuit.
Gerald SIMONSEN, Plaintiff-Appellant,
v.
CHICAGO BOARD OF EDUCATION, et al.,
Defendants-Appellees.
No. 04-1280.

Submitted Aug. 31, 2004. [FN*]

FN* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Decided Oct. 22, 2004.
Rehearing En Banc Denied Nov. 17, 2004.

**Background:** Tenured teacher brought pro se action against city education board and 10 of its employees, alleging that they discriminated against him based on race, gender, and age, violated his due process rights in the course of suspending and terminating him, and violated his equal protection rights by singling him out for discipline. The United States District Court for the Northern District of Illinois, Marvin E. Aspen, J., 2001 WL 1250103, 2002 WL 230777, dismissed certain claims and parties, then, based on parallel state proceedings, dismissed on grounds of claim preclusion. Teacher appealed.

**Holding:** The Court of Appeals held that remand would not alter outcome of case, and thus was not warranted, even if dismissal on preclusion grounds was premature.
Affirmed.

West Headnotes

Federal Courts ⮂940
170Bk940 Most Cited Cases
Even if, under Illinois law, district court prematurely dismissed teacher's complaint against city education board and related defendants when it ruled that teacher's claims were barred by claim preclusion based on parallel state proceedings, even though teacher's petition for leave to appeal to state supreme court was pending when district court entered its final judgment, remand by Court of Appeals, on appeal from dismissal, would not affect outcome of case and thus was not warranted, given state supreme court's intervening denial of petition for leave to appeal, which rendered state-court judgment final. 28 U.S.C.A. § 1738.

**\*888** Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 01 C 3081. Marvin E. Aspen, Judge.

Gerald Simonsen, St. Charles, IL, pro se.

Ilse Simonsen, St. Charles, IL, pro se.

Pamela Simonsen, St. Charles, IL, pro se.

Christine Simonsen, St. Charles, IL, pro se.

Lee A. Lowder, Chicago Board of Education Law Department, Chicago, IL, for Defendants-Appellees.

Before BAUER, EASTERBROOK, and ROVNER, Circuit Judges.

**ORDER**

Gerald Simonsen, a tenured teacher in Chicago, was twice suspended and eventually terminated by the Chicago Board of Education. He sued the Board and ten of its employees in federal court, alleging that the defendants discriminated against him based on race, gender, and age; violated his right to procedural due process in the course of suspending and terminating him; and violated his right to equal protection by singling him out for discipline. Simonsen, a pro se litigant, also named his mother, ex-wife, and two daughters as co-plaintiffs. In a series of orders the district court dismissed all of the claims against all of

115 Fed.Appx. 887
115 Fed.Appx. 887
**(Cite as: 115 Fed.Appx. 887)**

the defendants, and Simonsen appeals. We affirm.

In April and June 1999 the Board gave Simonsen several warnings regarding his work performance, noting his failure to submit lesson plans, his pattern of excessive absences and tardiness, and his inappropriate dress. The Board suspended Simonsen for 15 days in October 1999. A month later the then-Chief Executive Officer of the Chicago Public Schools, Paul Vallas, sought to terminate Simonsen. In December 1999 Simonsen was suspended without pay. Simonsen's termination hearing commenced in June 2000. After hearing 15 days of testimony, the hearing officer issued a recommendation to terminate**889** Simonsen, and the Board adopted his recommendation. Simonsen filed an appeal to the Circuit Court of Cook County, arguing that the Board erred in terminating him. After reviewing the record the circuit court upheld the Board's decision.

Meanwhile, with the circuit court proceeding still pending, Simonsen filed this lawsuit. In November 2001 the district court dismissed Simonsen's ex-wife, mother, and two daughters from the complaint, reasoning that they lacked standing to pursue his claims. Then in February 2002 the district court dismissed five of Simonsen's 10 counts, and dismissed several of the remaining counts as to particular defendants. The court also denied Simonsen's motion for a default judgment against two of the defendants because he did not present evidence that they had been served. Simonsen then filed a motion to stay discovery pending the outcome of the state-court review of the Board's termination decision. The district court had not previously been aware of the state proceeding. The court granted the stay request, but warned Simonsen that he must present his federal claims to the state court or they would be barred under the doctrine of claim preclusion.

After the circuit court upheld the Board's decision, the district court set a briefing schedule, but granted another stay when it learned that Simonsen had filed a timely notice of appeal to the Court of Appeals of Illinois. In September 2003 the appellate court affirmed the circuit court's decision; the federal defendants then moved for judgment on the pleadings. Simonsen opposed the motion; he argued that it was premature and attached his Affidavit of Intent to File Leave to Appeal that was dated

November 5, 2003. The district court held that Simonsen's claims were precluded by the state-court judgment, erroneously believing that Simonsen had failed to petition the Supreme Court of Illinois for leave to appeal within the required 21-day time period and that the circuit court's judgment was thus final. On December 30, 2003, Simonsen moved to alter or amend the district court's order, alleging that in fact he had timely filed his petition for leave to appeal. Simonsen did not advise the court that he had filed a motion to reconsider the appellate court's decision and thus his petition for leave to appeal was timely. The district court denied the motion to alter or amend. The Supreme Court of Illinois denied Simonsen's petition for leave to appeal on January 28, 2004, and denied his motion to reconsider the denial of his petition on March 30, 2004.

On appeal Simonsen first argues that the district court erred when it prematurely dismissed his complaint on claim preclusion grounds. Federal courts must give state-court judgments the same preclusive effect that they would have in state court. See 28 U.S.C. § 1738; *Licari v. City of Chicago,* 298 F.3d 664, 666 (7th Cir.2002). Under Illinois law, in order for res judicata to apply to Simonsen's federal claims, the following three requirements must be satisfied: (1) the state-court decision must have involved the same parties or their privies; (2) the state-court decision must have constituted the same cause of action as the current claims; and (3) the state court must have reached a final judgment on the merits. *See Garcia v. Village of Mount Prospect,* 360 F.3d 630, 635 (7th Cir.2004); *Bajwa v.Metropolitan Life Ins. Co.,* 208 Ill.2d 414, 281 Ill.Dec. 554, 804 N.E.2d 519, 532 (2004).

The first of these requirements is satisfied. The Board was named as a party in both the state and federal cases. Moreover the inclusion of individual board members as defendants in the federal suit does not prevent the application of claim preclusion **890** because "a government and its officers are in privity for purposes of res judicata." *Licari,* 298 F.3d at 667 (involving Chicago Retirement Board members who were not named in state review of administrative decision).

There also exists an identity of causes of action. In determining whether such an identity exists, we apply Illinois's "transactional" test. *See id.* Under the

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

transactional test different theories of relief constitute a single cause of action for purposes of res judicata "if a single group of operative facts gives rise to the assertion of relief." *Id.* (citing *River Park, Inc. v. City of Highland Park,* 184 Ill.2d 290, 234 Ill.Dec. 783, 703 N.E.2d 883, 893 (1998)). Because Simonsen's federal claims all arise from the actions of the Board and its defendant employees in connection with his suspension and dismissal, the federal claims constitute the same cause of action as was litigated in the circuit court. *See Garcia,* 360 F.3d at 637 (citing *River Park, Inc.,* 234 Ill.Dec. 783, 703 N.E.2d at 893);*Licari,* 298 F.3d at 667;*see also Rogers v. Desiderio,* 58 F.3d 299, 301 (7thCir.1995) (explaining that, although the circuit court uses the administrative record to perform its review, "a party aggrieved by an agency's decision may join a claim under 42 U.S.C. § 1983 and obtain decision of the constitutional issue on an expanded record.").

Finally, as to the third element, Simonsen argues that, because his petition for leave to appeal to the Supreme Court of Illinois was still pending when the district court entered its final judgment, the state-court judgment was not final and so claim preclusion did not apply. The Illinois supreme court has not specifically addressed whether a pending petition for leave to appeal affects the finality of a judgment for purposes of claim preclusion. *See Rogers,* 58 F.3d at 302. The state supreme court has held that the filing of an appeal in the intermediate appellate court suspends the collateral estoppel effect of a circuit court's judgment, *see Ballweg v. Springfield,* 114 Ill.2d 107, 102 Ill.Dec. 360, 499 N.E.2d 1373, 1375 (1986), and several Illinois appellate courts have extended *Ballweg* to claim preclusion, *see Rogers,* 58 F.3d at 302. The Illinois courts have not yet addressed whether a pending petition for leave to appeal likewise suspends the preclusive effect of a judgment, although the court in *Ballweg* explained that "finality requires that the potential for appellate review must have been exhausted." 102 Ill.Dec. 360, 499 N.E.2d at 1375. The defendants assume that Simonsen's pending petition did affect the finality of the circuit court's judgment, but they argue that it no longer matters because the petition has been denied and the judgment is now indisputably final. We agree. Remanding the case would not change the outcome. *See People v. Condon,* 246 Ill.App.3d 74, 185 Ill.Dec. 932, 615 N.E.2d 802, 804 (1993) (declining to remand where prior judgment became final after appeal had been

filed).

Finally, Simonsen objects to the district court's interim orders dismissing various counts and defendants from his complaint for reasons other than claim preclusion. But because these claims are also precluded, we do not need to address them individually.

The district court's judgment is AFFIRMED.

The defendants' motion to strike documents from appendix and motion to correct defendants' motion to strike documents from appendix are DENIED.

115 Fed.Appx. 887

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

# EXHIBIT 2

APR-20-2007 FRI 09:48 AM USGIInc                    FAX NO. 3019348222                    P. 04

AO 88 (11/91) Subpoena in a Civil Case

## UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND

PHYSICIANS MUTUAL INSURANCE COMPANY
AND PHYSICIANS LIFE INSURANCE COMPANY,
            Plaintiffs,

v.

ASSET ALLOCATION AND MANAGEMENT CO., LLC,
ASSET ALLOCATION AND MANAGEMENT COMPANY,
ANBAR, INC., SECURA CAPITAL, INC. and MAVCO, INC.,
            Defendants.

SUBPOENA IN A CIVIL CASE
(Pending in the United States District
Court for the Northern District of
Illinois)
CASE NUMBER: 06CV5124

TO: USGI, INC., 9375 CHESAPEAKE ST, STE 215, WALDORF, MD 20646, C/O THE CORPORATION TRUST INCORPORATED, 300 E. LOMBARD ST, BALTIMORE, MD 21202.

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

X    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **SEE EXHIBITS A THROUGH K ATTACHED HERETO.**

| PLACE | DATE AND TIME |
|---|---|
| McGrath North Mullin & Kratz PC LLO<br>1601 Dodge Street, Suite 3700<br>Omaha, NE 68102 | May 11, 2007<br>9:00 a.m. |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _(signature)_    Attorneys for Defendants | 4/18/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
James J. Frost (NE #16560), McGrath North Mullin & Kratz, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, Nebraska 68102
(402) 341-3070

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

AO 88 (11/91) Subpoena in a Civil Case

## NOTICE TO ADVERSE PARTIES

Pursuant to NECivR 45.1(a), no subpoenas for production or inspection may be issued for service on a nonparty without giving the adverse party at least ten (10) days notice before the subpoena will be issued.

Notice to Adverse Parties, _____, was given on _____.

### PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE <br> Attorney at Law |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    Date

_____
Signature of Server

_____
Address of Server

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause

(c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

1.    The October 5, 1982 Mortgage Note executed on behalf of **Faile Street Associates** in favor of the New York City Housing Development Corporation (hereinafter "Mortgage Note") including all amendments, riders, and/or modifications to said Mortgage Note and all documents reflecting any refinancing or restructuring of said Mortgage Note until present.

2.    All documents reflecting communications with Greystone Funding Corporation and/or Greystone Servicing Corporation in any way related to FHA Project No. 012-57295 or to the Mortgage Note and/or the refinancing of the Mortgage Note.

3.    All documents reflecting communications with HUD in any way related to FHA Project No. 012-57295 or the Mortgage Note and/or the refinancing of the Mortgage Note.

4.    All documents reflecting communications with the borrowers in any way related to FHA Project No. 012-57295 or to the Mortgage Note and/or the refinancing of the Mortgage Note.

5.    All documents which address, reference or in any way relate to the facts and circumstances which led to the payoff, refinancing and/or default of FHA Project No. 012-57295, the Mortgage Note including documents reflecting communications with the borrowers, lenders, Greystone Funding Corporation, Greystone Service Corporation and/or HUD.

**You may comply with this subpoena by sending copies of the responsive records to the undersigned on or before May 11, 2007. If there are any copying charges for the responsive documents, send a statement for the same together with the documents.**

## EXHIBIT B

1.      The December 27, 1982 Mortgage Note executed on behalf of **Malcolm X II Phase A Associates** in favor of the New York City Housing Development Corporation (hereinafter "Mortgage Note") including all amendments, riders, and/or modifications to said Mortgage Note and all documents reflecting any refinancing or restructuring of said Mortgage Note until present.

2.      All documents reflecting communications with Greystone Funding Corporation and/or Greystone Servicing Corporation in any way related to FHA Project No. 012-57216 or to the Mortgage Note and/or the refinancing of the Mortgage Note.

3.      All documents reflecting communications with HUD in any way related to FHA Project No. 012-57216 or the Mortgage Note and/or the refinancing of the Mortgage Note.

4.      All documents reflecting communications with the borrowers in any way related to FHA Project No. 012-57216 or to the Mortgage Note and/or the refinancing of the Mortgage Note.

5.      All documents which address, reference or in any way relate to the facts and circumstances which led to the payoff, refinancing and/or default of FHA Project No. 012-57216, the Mortgage Note including documents reflecting communications with borrowers, lenders, Greystone Funding Corporation, Greystone Service Corporation and/or HUD.

**You may comply with this subpoena by sending copies of the responsive records to the undersigned on or before May 11, 2007. If there are any copying charges for the responsive documents, send a statement for the same together with the documents.**

## EXHIBIT C

    1.    The October 22, 1982 Mortgage Note executed on behalf of **MBD II Associates** in favor of the New York City Housing Development Corporation (hereinafter "Mortgage Note") including all amendments, riders, and/or modifications to said Mortgage Note and all documents reflecting any refinancing or restructuring of said Mortgage Note until present.

    2.    All documents reflecting communications with Greystone Funding Corporation and/or Greystone Servicing Corporation in any way related to FHA Project No. 012-57253 or to the Mortgage Note and/or the refinancing of the Mortgage Note.

    3.    All documents reflecting communications with HUD in any way related to FHA Project No. 012-57253 or to the Mortgage Note and/or the refinancing of the Mortgage Note.

    4.    All documents reflecting communications with the borrowers in any way related to FHA Project No. 012-57253 or to the Mortgage Note and/or the refinancing of the Mortgage Note.

    5.    All documents which address, reference or in any way relate to the facts and circumstances which led to the payoff, refinancing and/or default of FHA Project No. 012-57253 or the Mortgage Note including documents reflecting communications with borrowers, lenders, Greystone Funding Corporation, Greystone Service Corporation and/or HUD.

You may comply with this subpoena by sending copies of the responsive records to the undersigned on or before April 20, 2007. If there are any copying charges for the responsive documents, send a statement for the same together with the documents.

APR-20-2007 FRI 09:49 AM USGIInc                    FAX NO. 3019348222                    P. 10

## EXHIBIT D

1.    The January 20, 1983 Mortgage Note executed on behalf of **Paul Robeson Houses Associates** in favor of the New York City Housing Development Corporation (hereinafter "Mortgage Note") including all amendments, riders, and/or modifications to said Mortgage Note and all documents reflecting any refinancing or restructuring of said Mortgage Note until present.

2.    All documents reflecting communications with Greystone Funding Corporation and/or Greystone Servicing Corporation in any way related to FHA Project No. 012-57291, the Mortgage Note and/or the refinancing of the Mortgage Note.

3.    All documents reflecting communications with HUD in any way related to FHA Project No. 012-57291, the Mortgage Note and/or the refinancing of the Mortgage Note.

4.    All documents reflecting communications with the borrowers in any way related to FHA Project No. 012-57291 or to the Mortgage Note and/or the refinancing of the Mortgage Note.

5.    All documents which address, reference or in any way relate to the facts and circumstances which led to the payoff, refinancing and/or default of FHA Project No. 012-57291, the Mortgage Note including documents reflecting communications with borrowers, lenders, Greystone Funding Corporation, Greystone Service Corporation and/or HUD.

**You may comply with this subpoena by sending copies of the responsive records to the undersigned on or before May 11, 2007. If there are any copying charges for the responsive documents, send a statement for the same together with the documents.**

## EXHIBIT E

1.     The October 6, 1982 Mortgage Note executed on behalf of **SEBCO IV Associates** in favor of the New York City Housing Development Corporation (hereinafter "Mortgage Note") including all amendments, riders, and/or modifications to said Mortgage Note and all documents reflecting any refinancing or restructuring of said Mortgage Note until present.

2.     All documents reflecting communications with Greystone Funding Corporation and/or Greystone Servicing Corporation in any way related to FHA Project No. 012-57213, the Mortgage Note and/or the refinancing of the Mortgage Note.

3.     All documents reflecting communications with HUD in any way related to FHA Project No. 012-57213, the Mortgage Note and/or the refinancing of the Mortgage Note.

4.     All documents reflecting communications with the borrowers in any way related to FHA Project No. 012-57213 or to the Mortgage Note and/or the refinancing of the Mortgage Note.

5.     All documents which address, reference or in any way relate to the facts and circumstances which led to the payoff, refinancing and/or default of FHA Project No. 012-57213, the Mortgage Note including documents reflecting communications with borrowers, lenders, Greystone Funding Corporation, Greystone Service Corporation and/or HUD.

**You may comply with this subpoena by sending copies of the responsive records to the undersigned on or before May 11, 2007. If there are any copying charges for the responsive documents, send a statement for the same together with the documents.**

## EXHIBIT F

1.      The October 26, 1982 Mortgage Note executed on behalf of **Southern Boulevard IV Associates** in favor of the New York City Housing Development Corporation (hereinafter "Mortgage Note") including all amendments, riders, and/or modifications to said Mortgage Note and all documents reflecting any refinancing or restructuring of said Mortgage Note until present.

2.      All documents reflecting communications with Greystone Funding Corporation and/or Greystone Servicing Corporation in any way related to FHA Project No. 012-57192, the Mortgage Note and/or the refinancing of the Mortgage Note.

3.      All documents reflecting communications with HUD in any way related to FHA Project No. 012-57192, the Mortgage Note and/or the refinancing of the Mortgage Note.

4.      All documents reflecting communications with the borrowers in any way related to FHA Project No. 012-57192 or to the Mortgage Note and/or the refinancing of the Mortgage Note.

5.      All documents which address, reference or in any way relate to the facts and circumstances which led to the payoff, refinancing and/or default of FHA Project No. 012-57192, or the Mortgage Note including documents reflecting communications with borrowers, lenders, Greystone Funding Corporation, Greystone Service Corporation and/or HUD.

**You may comply with this subpoena by sending copies of the responsive records to the undersigned on or before May 11, 2007. If there are any copying charges for the responsive documents, send a statement for the same together with the documents.**

## EXHIBIT G

1.    The November 23, 1982 Mortgage Note executed on behalf of **Woodycrest Courts Associates** in favor of the New York City Housing Development Corporation (hereinafter "Mortgage Note") including all amendments, riders, and/or modifications to said Mortgage Note and all documents reflecting any refinancing or restructuring of said Mortgage Note until present.

2.    All documents reflecting communications with Greystone Funding Corporation and/or Greystone Servicing Corporation in any way related to FHA Project No. 012-57279, the Mortgage Note and/or the refinancing of the Mortgage Note.

3.    All documents reflecting communications with HUD in any way related to FHA Project No. 012-57279, the Mortgage Note and/or the refinancing of the Mortgage Note.

4.    All documents reflecting communications with the borrowers in any way related to FHA Project No. 012-57279 or to the Mortgage Note and/or the refinancing of the Mortgage Note.

5.    All documents which address, reference or in any way relate to the facts and circumstances which led to the payoff, refinancing and/or default of FHA Project No. 012-57279, or the Mortgage Note including documents reflecting communications with borrowers, lenders, Greystone Funding Corporation, Greystone Service Corporation and/or HUD.

**You may comply with this subpoena by sending copies of the responsive records to the undersigned on or before May 11, 2007. If there are any copying charges for the responsive documents, send a statement for the same together with the documents.**

## EXHIBIT H

1.     The February 6, 1976 Mortgage Note executed on behalf of **SEBCO I Associates** in favor of First National City Bank (hereinafter "Mortgage Note") including all amendments, riders, and/or modifications to said Mortgage Note and all documents reflecting any refinancing or restructuring of said Mortgage Note until present.

2.     All documents reflecting communications with Greystone Funding Corporation and/or Greystone Servicing Corporation in any way related to FHA Project No. 012-44149, the Mortgage Note and/or the refinancing of the Mortgage Note.

3.     All documents reflecting communications with HUD in any way related to FHA Project No. 012-44149, the Mortgage Note and/or the refinancing of the Mortgage Note.

4.     All documents reflecting communications with the borrowers in any way related to FHA Project No. 012-44149 or to the Mortgage Note and/or the refinancing of the Mortgage Note.

5.     All documents which address, reference or in any way relate to the facts and circumstances which led to the payoff, refinancing and/or default of FHA Project No. 012-44149, the Mortgage Note including documents reflecting communications with borrowers, lenders, Greystone Funding Corporation, Greystone Service Corporation and/or HUD.

**You may comply with this subpoena by sending copies of the responsive records to the undersigned on or before May 11, 2007. If there are any copying charges for the responsive documents, send a statement for the same together with the documents.**

## EXHIBIT I

1.      The February 6, 1976 Mortgage Note executed on behalf of **SEBCO II Associates** in favor of First National City Bank (hereinafter "Mortgage Note") including all amendments, riders, and/or modifications to said Mortgage Note and all documents reflecting any refinancing or restructuring of said Mortgage Note until present.

2.      All documents reflecting communications with Greystone Funding Corporation and/or Greystone Servicing Corporation in any way related to FHA Project No. 012-44150, the Mortgage Note and/or the refinancing of the Mortgage Note.

3.      All documents reflecting communications with HUD in any way related to FHA Project No. 012-44150,the Mortgage Note and/or the refinancing of the Mortgage Note.

4.      All documents reflecting communications with the borrowers in any way related to FHA Project No. 012-44150 or to the Mortgage Note and/or the refinancing of the Mortgage Note.

5.      All documents which address, reference or in any way relate to the facts and circumstances which led to the payoff, refinancing and/or default of FHA Project No. 012-44150, the Mortgage Note including documents reflecting communications with borrowers, lenders, Greystone Funding Corporation, Greystone Service Corporation and/or HUD.

**You may comply with this subpoena by sending copies of the responsive records to the undersigned on or before May 11, 2007. If there are any copying charges for the responsive documents, send a statement for the same together with the documents.**

## EXHIBIT J

1.      The September 8, 1982 Mortgage Note executed on behalf of **Macombs Village Associates** in favor of New York City Housing Development Corporation (hereinafter "Mortgage Note") including all amendments, riders, and/or modifications to said Mortgage Note and all documents reflecting any refinancing or restructuring of said Mortgage Note until present.

2.      All documents reflecting communications with Greystone Funding Corporation and/or Greystone Servicing Corporation in any way related to FHA Project No. 012-57304, the Mortgage Note and/or the refinancing of the Mortgage Note.

3.      All documents reflecting communications with HUD in any way related to FHA Project No. 012-57304, the Mortgage Note and/or the refinancing of the Mortgage Note.

4.      All documents reflecting communications with the borrowers in any way related to FHA Project No. 012-57304 or to the Mortgage Note and/or the refinancing of the Mortgage Note.

5.      All documents which address, reference or in any way relate to the facts and circumstances which led to the payoff, refinancing and/or default of FHA Project No. 012-57304, the Mortgage Note including documents reflecting communications with borrowers, lenders, Greystone Funding Corporation, Greystone Service Corporation and/or HUD.

**You may comply with this subpoena by sending copies of the responsive records to the undersigned on or before May 11, 2007. If there are any copying charges for the responsive documents, send a statement for the same together with the documents.**

## EXHIBIT K

1.    The July 29, 1983 Mortgage Note executed on behalf of **Fairmont Place Apartments Associates** in favor of New York City Housing Development Corporation (hereinafter "Mortgage Note") including all amendments, riders, and/or modifications to said Mortgage Note and all documents reflecting any refinancing or restructuring of said Mortgage Note.

2.    All documents reflecting communications with Greystone Funding Corporation and/or Greystone Servicing Corporation in any way related to FHA Project No. 012-57277, the Mortgage Note and/or the refinancing of the Mortgage Note.

3.    All documents reflecting communications with HUD in any way related to FHA Project No. 012-57277, the Mortgage Note and/or the refinancing of the Mortgage Note.

4.    All documents reflecting communications with the borrowers in any way related to FHA Project No. 012-57277 or to the Mortgage Note and/or the refinancing of the Mortgage Note.

5.    All documents which address, reference or in any way relate to the facts and circumstances which led to the payoff, refinancing and/or default of FHA Project No. 012-57277, the Mortgage Note including documents reflecting communications with borrowers, lenders, Greystone Funding Corporation, Greystone Service Corporation and/or HUD.

**You may comply with this subpoena by sending copies of the responsive records to the undersigned on or before May 11, 2007. If there are any copying charges for the responsive documents, send a statement for the same together with the documents.**