UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- X
PHYSICIANS MUTUAL INSURANCE COMPANY and ) CIVIL ACTION
PHYSICIANS LIFE INSURANCE COMPANY, ) NO. 07 CV 10490 (NRB)
                                                                          Plaintiffs, ) **ELECTRONICALLY FILED**
)
  v. )
) (Removed from the Supreme
GREYSTONE SERVICING CORPORATION, INC., ) Court of the State of New
GREYSTONE & CO., INC., STEPHEN ROSENBERG, ) York County, New York,
ROBERT R. BAROLAK, and CURTIS A. POLLOCK, ) Index No. 602918/07)
)
                                                                          Defendants. )
------------------------------------------------------------------------- X

**PLAINTIFF'S SUR-REPLY IN OPPOSITION
TO DEFENDANTS' MOTION TO STAY**

James J. Frost, Esq. (JJF-4879)
McGrath, North, Mullin & Kratz, PC LLO
Suite 3700, First National Tower
1601 Dodge Street
Omaha, NE  68102
(402)341-3070
(402)341-0216 (fax)
jfrost@mcgrathnorth.com

    and

Richard E. Carmen, Esq. (REC-6906)
Adria DeLandri, Esq. (ADL-5859)
Brief Carmen & Kleiman, LLP
805 Third Avenue, 11th Floor
New York, NY  10022
(212)758-6160
(212)832-7221
rec@briefjustice.com
adl@briefjustice.com

*Attorneys for Plaintiffs Physicians Mutual
Insurance Company and Physicians Life
Insurance Company*

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ..........................................................................................................................1

ARGUMENT ..................................................................................................................................2

    1.    The Damages Sought are Not the Same as Those in the Illinois Action .......2

    2.    Defendants Have Not Carried Their Burden ...................................................4

    3.    Whether Judge Conlon's Opinion is Final is at Best an Academic Issue ......6

    4.    The Competing Interests of the Parties Require a Denial of Defendants' Motion to Stay ...........................................................................7

CONCLUSION ................................................................................................................................8

**TABLE OF AUTHORITIES**

                              **Page**

Ballweg v. City of Springfield,
    499 N.E.2d 1373 (Ill. 1986)..................................................................................6

Consolidated Edison Co. of New York v. United States,
    30 F.Supp.2d 385 (S.D.N.Y. 1998)......................................................................4

Goldstein v. Time Warner New York City Cable Group,
    3 F.Supp.2d 423 (S.D.N.Y. 1998).........................................................................5

Hicks v. City of New York,
    268 F.Supp.2d 238 (E.D.N.Y. 2003) ...................................................................4

Inn Chu Trading Co., Ltd. v. Sara Lee Corp.,
    810 F.Supp. 501 (S.D.N.Y. 1992)........................................................................4

LaSala v. Needham & Company, Inc.,
    399 F.Supp.2d 421 (S.D.N.Y. 2005)..............................................................4, 5, 6

Leyva v. Certified Grocers of California, Ltd.,
    593 F.2d 857 (9th Cir. 1979) ...............................................................................5, 6

In re Literary Works in Electronic Database Copyright Litigation,
    5 U.S.P.C. 2d 1317 (S.D.N.Y. 2001) ...................................................................4

Marshel v. AFW Fabric Corp.,
    552 F.2d 471 (2nd Cir. 1977)................................................................................5

Rogers v. Desiderio,
    58 F.3d 299 (7th Cir. 1995) ..................................................................................6

Simonsen v. Chicago Board of Elections,
    115 Fed. Appx. 887 (7th Cir. 2004)......................................................................6

## **INTRODUCTION**

Judge Conlon's Opinion in the Illinois action has no preclusive effect nor otherwise bears upon any issue in this litigation. The two actions stem from separate and distinct transactions and have no commonality insofar as either the issues presented or the damages sought. In the Illinois action, Physicians sought to recover from its investment advisor the amount it overpaid for the Loan Participation Interests in the purchase transactions. Judge Conlon found that Physicians recovered the overpayment and that the consequential reinvestment losses sought were speculative and unrecoverable because the investments were not guaranteed to produce a particular yield. In contrast, the claims against these Defendants arise from their unlawful redemption of Physicians' Loan Participation Interests. Physicians alleges that these Defendants wrongfully converted the Loan Participation Interests in breach of the Servicing Agreement between the parties. But for the unlawful taking of Physicians' Loan Participation Interests, Physicians would have continued to receive its pro rata share of the monthly payments made by the borrowers on each of the underlying loans. The inherent risks of the investment are irrelevant to the issue of damages recoverable on the claims asserted by Physicians against these Defendants. Physicians' damage claims are contractually predicated and will be measured by the payments actually made by the borrowers on the underlying loans. Thus, there will be no need for speculation in determining the amount of damages recoverable by Physicians.

As there can be no preclusive or other effect from Judge Conlon's Opinion, there is no basis for a stay of proceedings in this case. Physicians should be allowed to expeditiously pursue its claims against these Defendants. Defendants' motion for stay should, therefore, be denied.

# ARGUMENT

## 1. The Damages Sought are Not the Same as Those in the Illinois Action.

The basic contention underlying Defendants' motion to stay is completely unfounded. Without any support from the record, Defendants assert that the damages sought in this action are "identical" to those sought in the Illinois action. *Reply* at 4. Defendants are wrong.

Defendants' focus appears to be on Judge Conlon's determination that Physicians was not entitled to recover consequential reinvestment losses because the Loan Participation Interests were not guaranteed. Judge Conlon found that an "early call was inherent in the investment risk" and that the reinvestment losses sought were, therefore, "expectation damages" and "fruits of unrealized speculation." *Memorandum Opinion* at 12-14. Defendants state that "[i]f Judge Conlon is upheld, the same finding that the investments were never guaranteed would apply equally here." *Reply* at 4. With citation only to the prose of Shakespeare, Defendants erroneously conclude that the risk of prepayment also renders Physicians' claims against them "speculative and unrecoverable." Not surprisingly, Defendants offer no legal authority for such an obviously wrong proposition. It is particularly telling that Defendants offer no explanation as to how the existence of a borrower's right to prepay protects them from liability for their wrongful taking of Physicians' Loan Participation Interests. The fact that an investment security has some modicum of risk does not prevent an investor from recovering from a thief who wrongfully takes the security. Defendants' argument is a red herring designed to do nothing other than mislead this Court.

As the loan servicer, Defendants were contractually responsible for collecting the monthly payments made by the borrowers on the underlying loans and remitting those proceeds to certificate holders such as Physicians. Whether or not the borrowers had prepayment rights is

immaterial to Physicians' claims. Physicians' Loan Participation Interests were not redeemed because the borrowers exercised a right of prepayment. Indeed, Physicians' claims are predicated on allegations that the borrowers did not prepay, but continued to make the monthly payments on the underlying loans. *Amended Complaint,* ¶¶ 21-24. Instead of remitting those payments as required by the Servicing Agreements, Defendants wrongfully redeemed the Loan Participation Interests for their own benefit. The effect of that wrongful redemption was that holders of Loan Participation Interests (like Physicians) received their share of the remaining principal balance of the underlying loans, but were deprived of their contractual right to receive the above market interest rate payments which the borrowers <u>continued</u> to make on the underlying loans.

Judge Conlon's Opinion addresses the consequential damages recoverable by a purchaser of a speculative security. Physicians' claims against these Defendants are predicated on their wrongful redemption of Physicians' Loan Participation Interests in breach of the parties' Servicing Agreements. The damage claims in the two actions are not even similar much less identical. Unlike the Illinois action, Physicians is not seeking consequential reinvestment losses against these Defendants.[1] As alleged in the Amended Complaint, "Physicians was deprived of its right to receive further payments under the terms of the high interest rate mortgage notes in each of the Loan Pools." *Amended Complaint*, ¶ 27. Physicians' damage claims will thus be predicated on the payments which were <u>actually</u> <u>made</u> by the borrowers on those loans. As Physicians presently understands it, most if not all of those loans have now restructured in some fashion. Depending on the particular loan, such restructuring occurred months and even years after Defendants wrongfully redeemed Physicians' Loan Participation Interests. Thus, Physicians' damage claims will be predicated on an undisputed factual record which will identify

---

[1] *See Opposition* at 4, fn. 4.

3

the date and amount of each payment on each of the underlying loans.  There will be no need to speculate in order to determine the amount of Physicians' damages.

    2.    **<u>Defendants Have Not Carried Their Burden</u>**.

Defendants fail to appreciate the heavy burden imposed on a party seeking a stay of litigation.  While a court has the inherent power to stay proceedings, it is an "extraordinary remedy" which should be exercised in only "exceptional circumstances."  <u>Hicks v. City of New York</u>, 268 F.Supp.2d 238, 241 (E.D.N.Y. 2003); <u>Inn Chu Trading Co., Ltd. v. Sara Lee Corp.</u>, 810 F.Supp. 501, 507 (S.D.N.Y. 1992).

A plaintiff has a right to a prompt resolution of its claims.  A court is, therefore, "obligated to exercise jurisdiction over cases before it and guide those cases to as speedy and inexpensive a conclusion as is consistent with permitting claims to be heard fairly."  <u>Kappel v. Comfort</u>, 914 F.Supp. 1056, 1058-1059 (S.D.N.Y. 1996).  A stay is as much a refusal to exercise federal jurisdiction as a dismissal.  <u>Consolidated Edison Co. of New York v. United States</u>, 30 F.Supp.2d 385, 389 (S.D.N.Y. 1998).

Defendants rely on the doctrine of collateral estoppel to support their motion but cannot demonstrate that Judge Conlon's Opinion has any preclusive effect.  *Citing* to <u>LaSala v. Needham & Co., Inc.</u>, 399 F.Supp.2d 421, 427 (S.D.N.Y. 2005), Defendants alternatively suggest that a stay may be entered when the outcome of a proceeding will merely "bear upon" the case in issue.  Defendants, however, fail to explain how the Illinois action "bears upon" this suit in any meaningful way.  A review of relevant case law teaches that the court's power to stay a proceeding should be sparingly exercised and is best suited for circumstances where the related action will provide some sort of outcome determinative result.  *See* <u>In re Literary Works in Electronic Database Copyright Litigation</u>, 2001 WL 204212 (S.D.N.Y. 2001) (action stayed at

4

the request of the plaintiffs and all but one defendant because the United States Supreme Court was considering at the time an issue of law that went to the heart of the action and was potentially dispositive of the plaintiff's claims); Marshel v. AFW Fabric Corp., 552 F.2d 471, 472 (2nd Cir. 1977) (further proceedings stayed pending a Supreme Court decision in a closely-related case which was likely to determine the question of liability); Goldstein v. Time Warner New York City Cable Group, 3 F.Supp.2d 423, 427, 437-438 (S.D.N.Y. 1998) (staying a case involving a controversial FCC regulation in order to allow the D.C. Court of Appeals to determine the validity of the regulation).

      The cases relied upon by Defendants are factually distinguishable and consistent with the weight of authority that a stay is an extraordinary remedy and should be entered only when the related action will be outcome determinative. LaSala involved a Litigation Trustee who filed suit pursuant to a conditional assignment given to protect the claims against the expiration of the statute of limitations pending approval of a settlement of a large securities class action. The assigned claims were part of the consideration given in the class settlement. Immediately after filing suit, the Trustee requested that the action be stayed pending approval of the class settlement. Under the terms of the conditional assignment, if a stay was not entered, the claims would revert to the security issuers and would become potentially barred by the relevant statute of limitations. Given the "extraordinary circumstances," the court granted the stay in order to prevent the "loss of part of the valuable consideration exchanged in the settlement" of the class action. Id. at 429. Similarly, in Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857 (9th Cir. 1979), *cert denied* 444 U.S. 827 (1979), claims were brought by numerous truck drivers for overtime compensation against an employer under the terms of a collective bargaining agreement and the Fair Labor Standards Act. The contract claims, but not the FLSA claims, were

5

determined to be subject to the parties' arbitration agreement. The court entered a stay of the FLSA claim pending resolution of the arbitration in order for the arbitrator to make determination of certain matters which were within the scope of the parties' arbitration agreement such as "what contract documents are controlling, the hours and work pattern of the claimants, and the amount of wages paid to them." Id. at 863.

Unlike LaSala and Leyva, Judge Conlon's Opinion will have no effect on Physicians' claims against these Defendants. Physicians should be allowed to pursue its claims without further delay.

### 3. **Whether Judge Conlon's Opinion is Final is at Best an Academic Issue**.

That a judgment may not be considered "final" under Illinois law during the pendency of an appeal is yet another reason to deny Defendants' Motion to Stay. Separate and apart, however, is the more fundamental fact that Judge Conlon's Opinion simply has no preclusive effect. As demonstrated previously, there are no similar much less "identical" issues as is required for application of the doctrine of collateral estoppel. As such, there is no basis on which to even consider a stay of these proceedings. Whether there remains "confusion"[2] under Illinois law as the effect of a pending appeal on the finality of an order is, at best, an academic issue that this Court need not even reach.

---

[2] Defendants suggest that the "confusion" of the Seventh Circuit in Rogers v. Desiderio, 58 F.3d 299, 302 (7th Cir. 1995) was cleared up by the unpublished Opinion in Simonsen v. Chicago Board of Elections, 115 Fed. Appx. 887 (7th Cir. 2004). In Simonsen, the Seventh Circuit simply recognized, but did not rely upon or adopt, the holding of the Illinois Supreme Court in Ballweg v. City of Springfield, 499 N.E.2d 1373 (Ill. 1986). The issue of finality, however, did not matter to the Court's decision in Simonsen. Thus, it was not necessary for the court in Simonsen to address or resolve the conflicting authority from the Illinois Supreme Court which provoked the "blunt" comments in Rogers suggesting that the Illinois Supreme Court may have been unaware that it was contradicting "long-settled law."

6

**4      The Competing Interests of the Parties Require a Denial of Defendants' Motion to Stay**.

Defendants' evaluation of the competing interests of the parties is severely off target. First, there has been no delay by Physicians in prosecuting their claims against these Defendants. It was not until May 2007 when it deposed Greystone Funding Corporation that Physicians was able to discover that there was never a prepayment by the borrowers and that Defendants had wrongfully redeemed the Loan Participation Interests. On August 29, 2007, within a matter of only a few months, Physicians commenced this action by the filing of a Summons as allowed under State procedure. Within 10 days of Defendants' Notice of Removal, Physicians served their Complaint upon counsel for Defendants. Defendants' focus on the date of the filing of Physicians' Amended Complaint is illogical and intended to mislead. There is simply no basis on which to conclude that Physicians has not diligently proceeded in an effort to vindicate its rights. Physicians should be entitled to proceed expeditiously with this litigation.

Second, given the 2002 and 2003 dates on which Defendants wrongfully redeemed the Loan Participation Interests, every day that Physicians is unable to pursue discovery represents further risk that evidence will be lost, witnesses will die or memories will fade. Moreover, Physicians has great concerns that the applicable statute of limitations may run on claims against other responsible parties including but not limited to USGI. While Physicians has collected documents, without deposition testimony, Physicians is not able to determine whether others knowingly participated in Defendants' plan to convert and wrongfully redeem Physicians' Loan Participation Interests. A further stay,[3] therefore, jeopardizes potential claims against USGI and/or other responsible parties.

---

[3] The Court did not enter a written order or otherwise reflect on the docket sheet its oral direction prohibiting further discovery. Physicians' understanding was that the stay was predicated on the pendency of the appeal of Judge

7

Finally, Defendants can suffer no prejudice by proceeding with this litigation because Judge Conlon's Opinion, even if affirmed, has no preclusive effect. Thus, Defendants' stated concern that they will "learn that Plaintiffs' entire damages claim is barred by the application of collateral estoppel" is without any foundation. Fair consideration of the competing interests dictates that Defendants' Motion to Stay be denied.

## CONCLUSION

For the reasons stated herein as well as its Opposition, Plaintiffs respectfully request that this Court enter an Order denying Defendants' Motion to Stay.

---

Conlon's Opinion. Regardless, the fact remains that Physicians is presently unable to engage in discovery with the potentially attendant consequence of a loss of evidence or the bar of the statute of limitations.

8

**DATED** this 3rd day of July, 2008.

        Respectfully submitted,

        **PHYSICIANS MUTUAL INSURANCE COMPANY and PHYSICIANS LIFE INSURANCE COMPANY,** Plaintiffs

        By: /s/ James J. Frost
           James J. Frost, Esq. (JJF-4879)
           McGrath, North, Mullin & Kratz, PC LLO
           Suite 3700, First National Tower
           1601 Dodge Street
           Omaha, NE  68102
           (402)341-3070
           (402)341-0216 (fax)
           jfrost@mcgrathnorth.com

              and

        Richard E. Carmen, Esq. (REC-6906)
        Adria DeLandri, Esq. (ADL-5859)
        Brief Carmen & Kleiman, LLP
        805 Third Avenue, 11th Floor
        New York, NY  10022
        (212)758-6160
        (212)832-7221
        rec@briefjustice.com
        adl@briefjustice.com

        ATTORNEYS FOR THE PLAINTIFFS

**CERTIFICATE OF SERVICE**

      This certifies the undersigned attorney has caused service of the above-foregoing document to be made by electronic notification via the CM/ECF system to the following attorneys representing the parties to this action on this 3rd day of July, 2008 :

| | |
|---|---|
| Stephen L. Saxl | José A. Isasi, II |
| William A. Wargo | Greenberg Traurig, LLP |
| Greenberg Traurig, LLP | 77 West Wacker Drive, Suite 2500 |
| 200 Park Avenue | Chicago, IL  60601 |
| New York, NY  10166 | |

                                      /s/ James J. Frost